IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JERMAINE FREEMAN, 1539064,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:10-CV-878-M |
| | ) | |
| **RICK THALER, Director, Texas** | ) | |
| **Dept. Of Criminal Justice, Correctional** | ) | |
| **Institutions Division,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow.

**I.   Procedural Background**

Petitioner challenges his conviction for murder. *State of Texas v. Jermaine Freeman*, No. F-0753510-V (292nd Jud. Dist. Ct., Dallas County, Tex., Nov. 10, 2008). Petitioner pled guilty to the charge and, pursuant to a plea agreement, was sentenced to forty years imprisonment. Petitioner did not file a direct appeal.

On April 15, 2009, Petitioner filed a state habeas petition. *Ex parte Freeman*, No. 73,609-01. On April 14, 2010, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On April 23, 2010, Petitioner filed the instant § 2254 petition. He argues:

1.   He received ineffective assistance of trial counsel when counsel:

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 1**

        (A)     failed to file motions earlier in the case;

        (B)     failed to inform him of contradictions in the witness statements and video;

        (C)     failed to find other mistakes that would prove he was not the shooter;

        (D)     failed to allow him to view witness statements; and

        (E)     failed to question him about the evidence;

    2.     The prosecution withheld favorable evidence; and

    3.     The evidence was insufficient to show he was the shooter.

On August 4, 2010, Respondent filed his answer. Petitioner did not file a reply. The Court now finds the petition should be denied.

## II. Discussion

### 1. Standard of review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>     (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>     (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the

United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

**2.     Guilty Plea**

Petitioner argues his guilty plea is invalid because it was not knowingly and voluntarily entered.

Prisoners challenging their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Prisoners must also overcome the presumption of regularity and "great weight" accorded court documents. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight").

The record shows the court informed Petitioner that although he was charged with capital murder, pursuant to the plea agreement, he would be pleading guilty to the lesser included offense of murder. (Plea Trans. at 4.) Petitioner stated he understood the charges. (*Id*.) Plaintiff stated he was pleading guilty voluntarily. (*Id*. at 5.) The court also informed Petitioner that pursuant to the plea agreement, he would be sentenced to forty years imprisonment. (*Id*.) Petitioner again stated he understood. (*Id*.) Petitioner stated he wanted the court to approve the

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 3**

plea agreement and accept his guilty plea. (*Id*. at 7.)  Petitioner also signed the plea agreement and judicial confession admitting to the charges in the indictment. *Ex parte Freeman*, at 45-46. The Court finds Petitioner knowingly and voluntarily entered his guilty plea.

### 3. Ineffective Assistance of Counsel

Petitioner argues he received ineffective assistance of counsel when his counsel: (1) failed to file motions earlier in the case; (2) failed to inform him of contradictions in the witness statements and video; (3) failed to find other mistakes that would prove he was not the shooter; (4) failed to allow him to view witness statements; and (5) failed to question him about the evidence.

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To prove deficient performance, a petitioner must "show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688.  In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Id.* at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice.  To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694).  "[T]he mere possibility of a

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 4**

different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

In this case, Petitioner pled guilty to the charges. Once a guilty plea has been entered, all nonjurisdictional defects are waived. *See Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983)(citing *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982)). This waiver includes all claims of ineffective assistance of counsel, except those claims that relate to the voluntariness of the guilty plea. *Smith*, 711 F.2d at 682 (citations omitted). Petitioner's claims do not relate to the voluntariness of his plea. Petitioner's claims are therefore waived.

**4.      Brady Evidence**

Petitioner argues the prosecutor withheld exculpatory evidence that a witness falsely identified him as the shooter, and evidence that the witness's uncle was working with federal officers and set up the drug deal which led to the murder.

The Fifth Circuit has held that a guilty plea forecloses a defendant's *Brady* claims. *United States v. Conroy*, 567 F.3d 174, 178 (5th Cir. 2009) (citing *Matthew v. Johnson*, 201 F.3d 353 (5th Cir. 2000) and *Orman v. Cain*, 228 F.3d 616 (5th Cir. 2000)). The Fifth Circuit has stated:

> Because a Brady violation is defined in terms of the potential effects of undisclosed information on a judge's or jury's assessment of guilt, it follows that the failure of a prosecutor to disclose exculpatory information to an individual waiving his right to trial is not a constitutional violation.

*Matthew*, 201 F.3d at 361-62. Petitioner's claim should be denied.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 5**

5. **Sufficiency of the Evidence**

Petitioner argues there was insufficient evidence to prove he was the shooter. By Petitioner's guilty plea, however, he relieved the state of its burden to put forth evidence sufficient to sustain his conviction. Petitioner's plea was knowingly, intelligently, and voluntarily entered. Petitioner has therefore waived his right to demand any evidence to sustain his conviction. *See United States v. Broce*, 488 U.S. 563, 569 (1989) (holding that "when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." Petitioner's claim should be denied.

6. **Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed this 23rd day of July, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 7**

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).